**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-01235-CMA

CALVIN KARL CHEEKS,

    Applicant,

v.

RICHARD SMELSER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

**ORDER DISMISSING PETITION FOR HABEAS CORPUS**

---

The matter before the Court is an Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. # 1).  The Court has determined that the Application can be resolved on the parties' briefing and that no oral argument or evidentiary hearing is necessary.[1]

## I. BACKGROUND

In August 2007, a jury in El Paso County, Colorado District Court case number 04CR6238 found Applicant guilty of armed robbery and other crimes.[2]  Applicant was sentenced to sixteen years in the custody of the Department of Corrections (DOC) plus

---

[1] *See* 28 U.S.C. § 2254(e); Fed. R. Governing Section 2254 Cases 8(a).

[2] Doc. # 8-1.

five years of mandatory parole.³  The Colorado Court of Appeals (CCA) affirmed the convictions,⁴ and the Colorado Supreme Court denied certiorari review.⁵

## II. <u>HABEAS CLAIMS</u>

Applicant filed *pro se* his Application For Writ Of Habeas Corpus on May 9, 2011.⁶  This Court issued an Order To Answer to Respondents on June 6, 2011.⁷  Respondents filed their answer on June 23, 2011.⁸

Applicant claims that the state court's ruling declining to suppress evidence seized from his residence was a violation of the Fourth Amendment.  Specifically, he claims that the search warrant lacked sufficient particularity of the place to be searched, the manner in which the search was conducted was unreasonable, the inevitable discovery doctrine did not otherwise justify the search, and admission of the evidence obtained during the search was not harmless.

---

³  *Id.*

⁴  *People v. Cheeks*, No. 08CA0007, slip op. (Colo. App. June 17, 2010).

⁵  *Cheeks v. People*, No. 2010SC575, slip op. (Colo. Jan. 18, 2011).

⁶  Doc. # 1.

⁷  Doc. # 12.

⁸  Doc. # 14.

## III. LEGAL STANDARD

**A.   HABEAS CORPUS ACTIONS**

Because Applicant filed his Application after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), that statute governs the Court's review.[9]  Under the AEDPA, a district court may only consider a habeas petition when the petitioner argues that he is "in custody in violation of the Constitution or laws or treaties of the United States."[10]  Applicant is currently in the custody of the Colorado DOC.

As a prerequisite to filing a federal habeas case, a state prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[11]  The Court has previously found that Applicant has exhausted state remedies for his remaining claim.[12]

**B.   *PRO SE* LITIGANT**

Applicant is proceeding *pro se.*  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by

---

[9]   *Cannon v. Mullin,* 383 F.3d 1152, 1158 (10th Cir. 2004) (*citing Rogers v. Gibson,* 173 F.3d 1278, 1282 n.1 (10th Cir. 1999)).

[10]   28 U.S.C. § 2254(a).

[11]   *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

[12]   Order (Doc. # 9; June 1, 2011).

attorneys."[13]  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[14]  A court may not assume that an applicant can prove facts that have not been alleged, or that a respondent has violated laws in ways that an applicant has not alleged.[15]  The Applicant's *pro se* status does not entitle him to an application of different rules.[16]

## IV.  ANALYSIS

All of Applicant's claims are brought as violations of the Fourth Amendment. However, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."[17]  This "'opportunity for full and fair consideration' and/or 'litigation' includes, but is not limited to [,] the procedural opportunity to raise or

---

[13]  *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[14]  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[15]  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

[16]  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

[17]  *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnotes omitted).

otherwise present a Fourth Amendment claim [ ] and the full and fair evidentiary hearing contemplated by *Townsend*[[18]]."[19]

The record here indicates that the trial court held a hearing on January 8, 2007, regarding Applicant's Fourth Amendment objections, at which time testimony was taken.[20]  Applicant subsequently had the opportunity to re-raise his constitutional objections when directly appealing to the CCA.  His arguments were necessarily given fair consideration by the CCA since he was victorious on at least one of his arguments on appeal: that the initial warrant was overbroad.[21]  Additionally, the dissenting judge fully agreed with his arguments.[22]  The CCA used the appropriate Fourth Amendment Supreme Court precedents to make its decision.[23]  Finally, the Court notes that all of Applicant's claims here were argued at some point before the state courts.

Therefore, the record indicates the state court "thoughtfully considered the facts underlying [Applicant's] Fourth Amendment claim[s] and rejected the claim[s] on [their]

---

[18]  *Townsend v. Sain*, 372 U.S. 293 (1963).

[19]  *Cannon v. Gibson*, 259 F.3d 1253, 1260-61 (10th Cir. 2001) (*quoting Miranda v. Cooper*, 967 F.2d 392, 401 (10th Cir. 1992)).

[20]  Doc. # 8-1.

[21]  *People v. Cheeks*, No. 08CA0007, slip op., at 8.

[22]  *Id*., at 12-18 (Lichtenstein, J., dissenting).

[23]  *See Maryland v. Garrison*, 480 U.S. 79 (1987) (prohibition on general searches); *Murray v. United States*, 487 U.S. 533 (1988) ("independent source" doctrine).

merits, applying the appropriate Supreme Court precedent."[24]  This Court is thereby precluded from reviewing his claims.[25]  As his Application contains only these Fourth Amendment claims, it must be dismissed in its entirety.

### V. ORDER

Accordingly, it is

ORDERED that the Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. # 1; May 9, 2011) is dismissed with prejudice.  It is

FURTHER ORDERED that a certificate of appealability shall not issue because Applicant has not made a substantial showing of the denial of a constitutional right.[26]

DATED at Denver, Colorado, this   15th   day of July, 2011.

BY THE COURT:

*signature*

CHRISTINE M. ARGUELLO
United States District Judge

---

[24] *Brown v. Sirmons*, 515 F.3d 1072, 1083 (10th Cir. 2008) (*quoting Smallwood v. Gibson*, 191 F.3d 1257, 1265 (10th Cir. 1999)).

[25] *Stone*, 428 U.S. at 494.

[26] 28 U.S.C. § 2253(c)(2); Fed. R. Governing Section 2254 Cases 11(a); *Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000).